the causal connection between the fault of the contractor and the injury. *Curtin v. Somerset,* 140 Pa. St. 70; *Field v. French,* 80 Ill. App. 78, and cases noted in 26 L. R. A. 504.

At the close of the taking of evidence the defendants asked the court to instruct the jury to bring in a verdict of not guilty, which motion was refused. Such an instruction should have been given, and for the error in refusing defendants' motion the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Thomas J. Sullivan, Appellee, v. Thomas E. O'Brien et al., Appellants.

Gen. No. 23,847. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918.

### Statement of the Case.

Creditor's bill by Thomas J. Sullivan, complainant, against Thomas E. O'Brien, Mary L. O'Brien, Charlotte L. O'Brien and Helen Durkin, defendants, to set aside, as in fraud of creditors, a conveyance by Thomas E. and Mary L. O'Brien, husband and wife, of their property to Charlotte L. O'Brien, their daughter. From a decree for complainant, defendants appeal.

EDWARD DROBNIS and LEO J. KRAMER, for appellants.

M. H. HOEY, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

FRAUDULENT CONVEYANCES, § 96*—*when voluntary conveyance by parent to child is set aside.* On a creditor's bill to set aside, as in fraud of creditors, a conveyance by parents to a child, the evidence *held* to show a case coming within the rule that even if there is no fraudulent intent, a voluntary conveyance to a child in consideration only of love and affection, where the grantor is in embarrassed or failing circumstances, and the conveyance has the effect of withdrawing the property from the claims of creditors, leaving no unincumbered funds in the grantor's hands for the payment of debts, will be set aside.

---

## John Chidley, Appellee, v. Richard Bray and A. T. Kates, Appellants.

### Gen. No. 23,870.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of fact. Opinion filed April 29, 1918.

### Statement of the Case.

Action by John Chidley, plaintiff, against Richard Bray and A. T. Kates, defendants, to recover damages for personal injuries received while in defendants' employ. From a judgment for plaintiff for $4,000, defendants appeal.

WALLACE E. SHIRRA and KELLY, HALE, DAMMANN & COOLIDGE, for appellants; J. F. DAMMANN, JR. and WALLACE E. SHIRRA, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.